UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE NOZOLINO,<br><br>        Plaintiff,<br><br>   v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No. 12-cv-04314-JST<br><br>**ORDER GRANTING MOTION TO TRANSFER ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA AND DENYING MOTION TO RELATE CASES**<br><br>Re: ECF Nos. 18, 25 |

In this action for violations of ERISA, Defendants move under 28 U.S.C. Section 1404(a) to transfer the action to the United States District Court for the Central District of California. Plaintiff Nozolino moves to relate this action to another action in this district under Civil Local Rule 3-12. For the reasons set forth below, Defendants' motion to transfer is GRANTED and Nozolino's motion to relate is DENIED.

### I.     BACKGROUND

Plaintiff Roxanne Nozolino brings this action for denial of disability benefits under ERISA against Defendants Hartford, ImpreMedia Company Plan ("the Plan"), and ImpreMedia Operating Company, LLC ("ImpreMedia"). Compl. ¶¶ 1-6, ECF No. 1.

Nozolino is a former employee of ImpreMedia. During her employment with ImpreMedia, Nozolino was covered under the Plan, which is insured by Hartford and maintained by ImpreMedia in Los Angeles, California, and New York, New York. Mot. at 3-4, ECF No. 18. Hartford is a citizen of Connecticut. Id. at 4.

Defendants move to transfer this action to the Central District of California, arguing that the transfer is in the interest of justice and would promote the convenience of the parties and witnesses. In support of their motion, Defendants contend that Nozolino currently lives in the

1  Central District of California and that she lived there throughout her employment with
2  ImpreMedia and during the pendency of the benefit claim at issue. They also contend that the acts
3  giving rise to Nozolino's claims took place in the Central District, and that the Plan is maintained
4  in the Central District.

5  In her opposition, which is untimely, Nozolino argues that "until three days ago, [she] was
6  largely indifferent" as to whether this action was transferred, but her feelings changed after she
7  learned of the filing in this district of another ERISA action against Hartford captioned Arko v.
8  Hartford Life and Acc. Ins. Co. et al., No. 13-cv-1044 YGR ("Arko"). Opp'n at 1-2, ECF No. 23.
9  In light of this discovery, Nozolino moves to relate this action to Arko, arguing that the cases
10 should be tried by a single judge to promote judicial economy and to avoid inconsistent rulings.
11 ECF No. 25 at 2. Nozolino filed her motion to relate after Defendants filed their motion to
12 transfer.

## II.   MOTION TO RELATE CASES

### A.   Legal Standard

A party may move to relate an action to another action if both actions are pending in this district and the following two elements are satisfied: (1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. Civil L.R. 3-12.

### B.   Discussion

The Court concludes that this action is not related to Arko within the meaning of Civil Local Rule 3-12. The only ties between this case and Arko are that both cases involve claims brought under ERISA and that Harford is a defendant in both actions. These ties are insufficient to find that the actions concern substantially the same parties, transaction, or event. Moreover, the Court is not persuaded that there will be an unduly burdensome duplication of labor if the cases are not related, as Nozolino admits that "[t]he facts of each plaintiff's disability claim will, of course, be unique." Mot. at 2, ECF No. 25. Accordingly, Nozolino's motion to relate is DENIED.

//

### III. MOTION TO TRANSFER VENUE

#### A. Legal Standard

ERISA's venue provisions permit a plaintiff to bring an action where: "(1) a plan is administered, or (2) a breach took place, or (3) a defendant resides or (4) a defendant may be found." Varsic v. United States Dist. Ct. for the Cent. Dist. of Cal., 607 F.2d 245, 248 (9th Cir. 1979) (citing 29 U.S.C. § 1132(e)(2)). Through these provisions, Congress intended to give ERISA plaintiffs an expansive range of venue locations. Id.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). If the action could have been brought in the transferee venue, the court then must consider private factors relating to "the convenience of the parties and witnesses" and public factors relating to "the interest of justice" in determining whether transfer is appropriate. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

#### B. Discussion

##### 1. Venue is Proper in the Central District

Transfer under 28 U.S.C § 1404(a) is appropriate only if the action could properly have been brought in the transferee venue. 28 U.S.C. § 1404(a). Here, the plan is administered in the Central District, the Plan allegedly was breached in the Central District, Defendants can be found in the Central District, and Nozolino apparently lives and has lived in the Central District. Defendants contend that Nozolino has lived in the Central District "at all relevant times" and continues to live there; Nozolino does not dispute this assertion in her opposition.[1] Reply at 3. Accordingly, this action could have been brought in the Central District. See 29 U.S.C. § 1132(e)(2) (providing that an ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.").

//

//

---

[1] The complaint is silent as to Nozolino's current or former residence.

3

### 2. The Private and Public Factors Weigh in Favor of Transfer

#### a. Plaintiff's Choice of Forum

This factor weighs strongly in favor of transfer.

Generally, "a plaintiff's choice of forum is accorded great deference in ERISA cases." Jacobson v. Hughes Aircraft Co., 105 F.3d 1288, 1302 (9th Cir. 1997), rev'd on other grounds, 525 U.S. 432 (1999). Where a plaintiff does not reside in her chosen forum and the operative facts occurred outside of that forum, however, the court may afford the plaintiff's choice of forum considerably less weight. See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [a plaintiff's] choice [of forum] is entitled to only minimal consideration.") (citation omitted).

Given the lack of any significant connection between this district and Nozolino's claims, the Court affords minimal deference to Nozolino's choice of forum. First, Nozolino lives in the Central District. Second, the operative facts pertaining to Nozolino's claims occurred in the Central District. Indeed, Nozolino filed her benefits claim in the Central District; she received benefits under the Plan in the Central District; her benefits were terminated in the Central District; and the communications pertaining to the termination of benefits took place in the Central District. Mot. at 6-7. Nozolino has neither shown that this district has any nexus to the operative facts in this case nor identified a reason why transferring this case to the district in which she resides and in which her claims arose would prove overly burdensome.

#### b. Convenience of the Parties and Witnesses

Nozolino argues that "in all likelihood there will be no witnesses at trial." Opp'n at 6. Nozolino's contention does not foreclose the possibility that witnesses will be called in this case. If any witnesses need to be called, such witnesses will likely reside in the Central District because Nozolino and her doctors reside in the Central District and the Plan is administered in the Central District. Moreover, the early stage of the case suggests that transfer would not be inconvenient to the parties. Accordingly, this factor weighs in favor of transfer.

//

### c. Interest of Justice

In evaluating the interest of justice, a court may consider "public interest factors such as court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty." Decker, 805 F.2d at 843.

The Court concludes the balance of these factors weighs in favor of transfer. Defendants have shown that the Central District has a significant interest in this case relative to this district, and Nozolino has not shown otherwise. Moreover, the Central District will be equally capable of determining Nozolino's claims as this district given that ERISA claims are decided exclusively under federal law regardless of venue.

## IV. CONCLUSION

Nozolino's motion to relate is DENIED. Defendants' motion to transfer this action to the Central District of California is GRANTED.

**IT IS SO ORDERED**.

Dated: June 6, 2013

_____
JON S. TIGAR
United States District Judge